IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00604-WYD-MEH

PAMELA A. PHILLIPS,

    Plaintiff,

v.

RICHARD T. COES,
HUGH O'CONNOR,
FRED BELL,
ANDREW LLUBERES, and
JOHN DOES 1 through 10,

    Defendants.

_____

**ORDER ON DEFENDANTS' MOTION TO STAY DISCOVERY**
_____

Pending before the Court is Defendants' Motion to Stay Discovery [filed September 13, 2007; doc #24]. The matter is briefed and has been referred to this Court for disposition [doc #25]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, Defendants' Motion to Stay Discovery is **granted**.

**I.**      **Background**

Plaintiff instituted this action on March 27, 2007. In essence, Plaintiff alleges that her constitutional right of privacy and a federal wiretap statute were violated when, on or about November 21, 2005, Defendants used, disclosed and/or released illegally recorded telephone communications in which she was a party. *See* Amended Complaint [doc #29]. On August 21, 2007, Defendants responded to the Complaint by filing a Motion to Dismiss and a Motion to Substitute Party. *See* docs #17 & #19. Thereafter, on September 13, 2007, Defendants filed the within Motion

to Stay Discovery, alleging that until the question of whether they are entitled to qualified immunity is ruled on by the court, "discovery should not be allowed." *See* doc #24 at ¶ 2. Pursuant to Fed. R. Civ. P. 15(a), on September 26, 2007, Plaintiff filed an Amended Complaint "as a matter of course . . . before a responsive pleading [was] served." Consequently, the District Court and this Court issued Orders denying as moot Defendants' Motion to Dismiss and Motion to Substitute Party [docs #30 & #31]. Plaintiff responded to the within Motion to Stay asserting that, because "the Court denied Defendants' motion [to dismiss] as moot . . . Defendants' Motion to Stay Discovery is also moot and should be denied." *See* doc #32. A week later, Defendants filed a Motion to Dismiss the Amended Complaint [doc #33], asserting not only that the Court lacks personal jurisdiction over them, but also that they are entitled to qualified immunity on Plaintiff's amended claims.

**II.     Discussion**

The Supreme Court has emphasized the broad protection qualified immunity affords, giving officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.' " *Behrens v. Pelletier,* 516 U.S. 299, 308 (1996) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)); *see also Crawford-El v. Britton,* 523 U.S. 574, 598 (1998). Consequently, courts should resolve the purely legal question raised by a qualified immunity defense at the earliest possible stage in litigation. *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir.1995); *see also Medina v. Cram,* 252 F.3d 1124, 1127-28 (10th Cir.2001).

In this case, Defendants filed a renewed Motion to Dismiss the claims set forth in Plaintiff's Amended Complaint alleging, among other defenses, that they enjoy qualified immunity from Plaintiff's claims. While the within Motion was addressed to the original Motion to Dismiss (since denied as moot), the court finds that the same law and arguments apply to Defendants' renewed

Motion to Dismiss.

The Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *See Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). Because Defendants' renewed Motion to Dismiss raises a legal question of this Court's jurisdiction over the subject matter of the dispute, the question should be resolved as early as possible in the litigation. *See Albright,* 51 F.3d at 1534. Consequently, the Court will grant the stay as to all discovery in this matter pending the disposition of the Motion to Dismiss filed by Defendants.

### III.     Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion to Stay Discovery [filed September 13, 2007; doc #24] is **granted**. All discovery is hereby stayed in this case pending the District Court's ruling on Defendants' renewed Motion to Dismiss. The parties are directed to submit a status report within **five days** of the entry of any order adjudicating the motion to dismiss.

Dated at Denver, Colorado, this 23rd day of October, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge