IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00604-WYD-MEH

PAMELA A. PHILLIPS,

    Plaintiff,

v.

RICHARD T. COES,
HUGH O'CONNOR,
FRED BELL,
ANDREW LLUBERES, and
JOHN DOES 1 through 10,

    Defendants.

---

# ORDER ON MOTION TO AMEND

Before the Court is Plaintiff's Motion for Permission to Amend Pleadings ("Motion to Amend") [Docket #76]. The matter is briefed. Oral argument would not materially assist the Court in adjudicating the Motion to Amend. For the following reasons, the Motion to Amend is **granted**.

**A.**     **Background**

Plaintiff initiated this action on March 27, 2007 [doc #1]. After Defendants filed a Motion to Dismiss on August 21, 2007, Plaintiff amended her Complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a) on September 26, 2007 [doc #29]. Thereafter, Judge Daniel dismissed Defendants' Motion to Dismiss as moot [doc #30]. Meanwhile, Defendants moved for a stay of all discovery pursuant to their claims of qualified immunity [doc #24]. After Defendants filed a Motion to Dismiss the Amended Complaint, this Court granted Defendants' Motion to Stay on October 23, 2007 [doc #35]. No Scheduling Order has been filed, and no formal discovery has taken place in this matter.

As a result of Defendants' recent Motion to Dismiss, Plaintiff filed the within Motion for Leave to Amend Complaint "to correct [a] defect in her Amended Complaint caused by failing to specifically allege a criminal or tortious purpose on the part of [Defendant] Young." Motion at 2. Plaintiff's amendment can be found in the revised paragraph 20 of her Amended Complaint, and essentially states that "upon information and belief" . *See* doc 39-2.

Defendants oppose Plaintiff's request to amend arguing that Plaintiff's "new allegations regarding Young's criminal or tortious purpose could have been included in the original or first Amended Complaint, but were not," and that "Defendants will be prejudiced by the filing of the Second Amended Complaint because they will have to draft yet another motion to dismiss and remain in this litigation, even though qualified immunity should bar this lawsuit, and the court lacks personal jurisdiction over three of them." Response at 6. Furthermore, Defendants claim that the Second Amended Complaint is "futile," since it "still fails to state a Fourth Amendment violation, and special factors preclude a *Bivens* remedy as argued in the pending motion to dismiss." *Id.* Finally, Defendants assert that the "on information and belief" allegations regarding Young's criminal or tortious purpose are not "well-pleaded" since [c]onclusory allegations are insufficient to defeat a motion to dismiss." *Id.* at 6-7.

**B.     Analysis**

Once a responsive pleading to the complaint is filed, a party may amend its complaint only by leave of the court or by written consent of the adverse party. *Foman v. Davis,* 371 U.S. 178, 182 (1962). The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). The Court must heed Rule 15's mandate that leave is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a) (2007); *Foman,* 371 U.S. at 182; *Duncan*, 397 F.3d at 1315. "If the underlying facts

or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315; *see also Foman,* 371 U.S. at 182.

Here, the Court sees no justification for refusing to allow Plaintiff to amend her Complaint at this time. At the Defendants' request, discovery has been stayed prior to any formal discovery taking place and no trial date has been set; thus, there is no undue prejudice to the Defendants. Plaintiff's stated purpose for requesting the amendment is to correct a deficiency in her allegations; no new claims are added nor is there undue delay or bad faith. Although Defendants argue that the amendment would be futile since Plaintiff's claims are allegedly defensible, the Court finds that such determination must be made upon a disposition of the merits of the claims.

### III. Conclusion

Accordingly, for the reasons stated above, it is hereby **ORDERED** that the Plaintiff's Motion to Amend [filed November 2, 2007; doc #39] is **granted**, and the Clerk of the Court is directed to accept the proposed Second Amended Complaint for filing [doc #39-2].

Dated at Denver, Colorado, this 29th day of November, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge