IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-00604-WYD-MEH

PAMELA A. PHILLIPS,

    Plaintiff,

v.

RICHARD T. COES;
HUGH O'CONNOR;
FRED BELL;
ANDREW LLUBERES;
JOHN DOES 1 through 10,

    Defendants.

ORDER

I.     INTRODUCTION

THIS MATTER is before the Court on Defendants' Motion to Dismiss, filed December 13, 2007 (docket #45). The motion seeks to dismiss Defendants Richard T. Coes, Hugh O'Connor, Jeff Bell, and Andrew Lluberes pursuant to Fed. R. Civ. P. 12(b)(2) and (6). For the reasons stated below, Defendants' motion is granted in part and denied in part.

II.     FACTUAL BACKGROUND

Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint on the grounds of lack of personal jurisdiction over Defendants Coes, O'Connor and Lluberes and for dismissal of all claims based on qualified immunity. After Defendants' motion was filed, Plaintiff dismissed Defendants Coes and O'Connor. Accordingly, this Order addresses Defendants' request for dismissal based on personal jurisdiction over

Mr. Lluberes's and Defendants' qualified immunity claim as it pertains to Defendants Lluberes and Bell.

Plaintiff, Pamela A. Phillips, seeks damages and declaratory and injunctive relief against Defendants Bell, Lluberes, and John Does 1 through 10 pursuant to *Bivens v. Six Unknown, Unnamed Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 18 U.S.C. § 2520.  Plaintiff alleges that Defendants, while acting under the color of federal authority, deprived her of constitutional and statutory rights of privacy under the Fourth Amendment to the United States Constitution and the federal Omnibus Crime Control and Safe Streets Act, 18 U.S.C. § 2510, *et seq.*

Plaintiff is a Colorado citizen and resides in Colorado.  At the time of the incidents giving rise to the present litigation, Defendant Lluberes was an employee of the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") in Washington, D.C.  Defendant Lluberes is currently a resident of Virginia and has been since 1992.  Defendant Bell is also employed by the ATF in Arizona.

In November 2005, ATF agents arrested Ronald Kelly Young ("Young") in Florida on an outstanding warrant from 1996 by the Pitkin County District Court in Colorado. During the course of the arrest, the agents obtained consent from Young to search four locations in Florida for contraband, including an apartment, a motel room, a motor vehicle, and a storage facility.  As a result of the search, the agents seized numerous recorded conversations between Young and the Plaintiff.  Plaintiff alleges that Young recorded the conversations without her knowledge or consent and in violation of Section 934.03 of the Florida Security of Communications Act ("Florida wiretap statute") and the federal Omnibus Crime Control and Safe Streets Act ("federal wiretap statute"), 18

2

U.S.C. § 2511.

Based on the seized recorded communications, Defendant Bell executed a search warrant on Plaintiff's house in Aspen, Colorado in September, 2006. Plaintiff alleges that Defendant Bell also released copies of the recordings to law enforcement officers in Arizona and Colorado and to a private individual in Colorado.

Shortly after Defendant Bell executed the search of Plaintiff's residence, Defendant Lluberes, allegedly with the assistance of Defendant Bell, disclosed the contents of the recorded communications to seven Colorado media outlets by faxing the media outlets a copy of the search warrant affidavits. The media outlets to which Lluberes sent the information allegedly included two major Colorado newspaper agencies and the major television news network affiliates in Colorado.

Plaintiff claims that these disclosures violated the Florida and federal wiretap statutes and that, because of their status as AFT employees, Defendants knew or had reason to know that their disclosures violated these statutes. Plaintiff asserts that Defendants' conduct also violated her Fourth Amendment privacy rights. Pursuant to *Bivens*, Plaintiff seeks to hold Defendants individually liable for their alleged tortious actions.

III.  PERSONAL JURISDICTION

Whether a federal court has personal jurisdiction over a non-resident defendant in a diversity action is determined by the law in the forum state -- here, Colorado. *Taylor v. Phelan*, 912 F.2d 429, 431 (10th Cir. 1990), *cert. denied*, 498 U.S. 1068, 11 S.Ct. 786, 112 L.Ed.2d 849 (1991). Colorado's long arm statute, Colo.Rev.Stat. § 13-1-124, conveys jurisdiction over defendants whose acts outside Colorado proximately cause

3

effects in Colorado "to the maximum extent allowed by due process." *First Entertainment, Inc. v. Firth*, 885 F.Supp. 216, 220 (D.Colo. 1995) (quoting *Ruggieri v. General Well Serv., Inc.*, 535 F.Supp. 525, 533 (D.Colo. 1982)).  Thus, the determination of personal jurisdiction typically involves a two-step analysis. First, the act or acts relied on to support jurisdiction must fall within one of the subsections of the long arm statute.  Second, the exercise of jurisdiction must comport with federal due process principles. *First Entertainment, Inc.*, 885 F.Supp. at 219.

Plaintiffs allege that Colorado has jurisdiction over Defendant Lluberes pursuant to subsection (b) of Colorado's long arm statute, C.R.S. § 13-1-124(1).  The statute provides in pertinent part:

> (1) Engaging in any act enumerated in this section by any person, whether or not a resident of the state of Colorado, either in person or by an agent, submits such person and,     if a natural person, such person's personal representative to the jurisdiction of the courts        of this state concerning any cause of action arising from:
>
> (b) The commission of a tortious act within this state;
> ...

Colo. Rev. Stat. § 13-1-124(1)(b).

A party seeking a remedy under Colorado's long arm statute must allege sufficient facts in the complaint to support a reasonable inference that the nonresident defendant has engaged in conduct under the statute which subjects the nonresident to *in personam* jurisdiction. *Shon v. District Court*, 199 Colo. 90, 93, 605 P.2d 472, 474 (1980); *Texair Flyers, Inc. v. District Court*, 180 Colo. 432, 436, 506 P.2d 367, 369 (1973).  When a motion to dismiss for lack of personal jurisdiction is decided before trial on the basis of affidavits and other written materials, the plaintiff need only make a

4

prima facie showing of threshold jurisdiction. *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984). "The allegations in the complaint must be taken as true to the extent that they are uncontroverted by the defendant's affidavits." *Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). "If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Id.* "However, only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true." *Id.*

Colorado courts have construed C.R.S. § 13-1-124(1)(b) to mean that "a person or entity whose allegedly tortious conduct in another state causes injury in this state has committed a 'tortious act within this state' for purposes of the long arm statute." *Le Manufacture Franchise v. District Court*, 620 P.2d 1040, 1044 (Colo. 1980). In order to satisfy this statutory requirement, "it is not necessary that both the tortious conduct constituting the cause and the injury constituting the effect take place in Colorado." *Classic Auto Sales, Inc. v. Schocket*, 832 P.2d 233, 235 (Colo. 1992). Thus, the statute is satisfied when only the resulting injury occurs in Colorado. *Id.*; *see also McAvoy*, 757 P.2d at 635; *Le Manufacture*, 620 P.2d at 1044; *Jenner & Block v. District Court*, 197 Colo. 184, 186, 590 P.2d 964, 965-66 (1979).

Accepting the allegations in the Complaint as true, Defendant Lluberes committed a tortious act within Colorado to satisfy the requirements of C.R.S. § 13-1-124(1)(b). Plaintiff's Complaint alleges that Lluberes, by virtue of his employment as a special agent with the ATF Bureau, knew or had reason to know that the seized

5

recordings of Plaintiff's oral communications had been improperly and illegally intercepted, in violation of both the federal and Florida wiretap statutes. Pl's Second Am. Compl. at ¶ 25. Plaintiff's Complaint further alleges that Lluberes illegally disclosed these communications to media and/or other private persons in Colorado. See Pl's Second Am. Compl. at ¶ 28-29. Although Lluberes committed the allegedly tortious acts while in Florida and Washington, D.C., Plaintiff claims to have suffered "injuries, damages, and losses" within the state. Because "tortious conduct in a foreign state which causes injury in Colorado may be deemed to be an act committed in Colorado so as to satisfy the long-arm statute," *D & D Fuller CATV Const., Inc. v. Pace*, 780 P.2d 520, 524 (Colo. 1989), Plaintiff's allegations constitute a prima facie showing of a tortious acts within Colorado for the purposes of personal jurisdiction.

I will next consider whether the exercise of personal jurisdiction over Defendant Lluberes is consistent with constitutional standards of due process. Due process requires that the nonresident defendant has "certain minimum contacts with [the forum state] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Thus, the defendant must have established sufficient contacts with the forum state so that it is reasonable to require the defendant to defend a suit there. *Id*. This minimum contacts requirement "protects the defendant against litigating in an inconvenient forum" while ensuring that states do not overreach the limits imposed on them by their status as co-equal sovereigns in a federal system. *Classic Auto Sales, Inc.*, 832 P.2d at 236; *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 268, 291-92, 100 S.Ct. 559, 564, 62 L.Ed.2d 490, 498 (1980).

Each case is examined on its specific facts to determine whether there exist sufficient minimum contacts to justify the exercise of personal jurisdiction over the defendant. *Fleet Leasing, Inc. v. District Court*, 649 P.2d 1074, 1079 (Colo. 1982). This inquiry depends upon "the quality and nature of the defendant's activity in the forum state." *Le Manufacture*, 620 P.2d at 1044 (citing *Hansen v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *Int'l Shoe*, 326 U.S. 310).

The present case was brought under the tort provision of Colorado's long arm statute. As observed in *D & D Fuller CATV Const., Inc. v. Pace*, 780 P.2d 520, 525-26 (Colo. 1989):

> Frequently, the commission of a tort, in itself, creates a sufficient nexus between the defendant and the state so as to satisfy the due process inquiry. In such cases there is no need to further engage in a minimum contacts analysis, because the defendant is so connected with the forum state that traditional notions of fair play and substantial justice are not offended by the state's exercise of jurisdiction...
>
> ...
>
> The United States Supreme Court has addressed the issue of what contacts are necessary to satisfy due process in the context of an intentional tort. In *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984), the Court approved an "effects" test and held that where a defendant's intentional, and allegedly tortious, actions, taken outside the forum, are expressly directed at causing a harmful effect within the forum state, a sufficient nexus exists between the defendant and the state so as to satisfy due process.

The contacts in the present case satisfy the standards of due process set forth in *D & D Fuller*. Plaintiff's Complaint alleges that Defendant Lluberes tortiously disclosed the contents of Plaintiff's communications to seven news media outlets in Colorado, including two major Colorado newspaper agencies and the major television news

7

network affiliates in Colorado. Pl's Second Am. Compl. at ¶ 40. Lluberes did not transmit the information to media outlets in any other state, and he purposefully directed his activities to media outlets in Colorado. Furthermore, the effects of the Lluberes's conduct were suffered by the Plaintiff in Colorado. Thus, even though Lluberes did not physically enter the state to commit these acts, a sufficient nexus exists between him and Colorado so as to satisfy due process pursuant to the Court's instructions in *Calder*. 465 U.S. 783.

IV.  QUALIFIED IMMUNITY DEFENSE

Defendants assert the defense of qualified immunity. Government officials performing discretionary functions are shielded from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). The defense of qualified immunity is properly raised in the answer to a complaint or in a motion to dismiss or for summary judgment. *Quezada v. County of Bernalillo*, 944 F.2d 710, 718 (10th Cir. 1991). Although the Tenth Circuit formerly required a heightened pleading standard when a qualified immunity defense was raised, that policy has now been reversed in light of the Supreme Court's decision in *Crawford-El v. Britton*, 523 U.S. 574 (1988), such that pleadings are now reviewed under the traditional standard set forth in Rule 8 of the Federal Rules of Civil Procedure. *Currier v. Doran*, 242 F.3d 905, 916 (10th Cir. 2001) Thus, the court will consider whether the pleading contains at least "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a).

When a defendant raises the defense of qualified immunity in a motion to

dismiss, a court must first determine whether the plaintiff has asserted a violation of federal law. *Currier*, 242 F.3d at 917. The plaintiff also bears the burden of demonstrating to the court that the law on which plaintiff's request for relief relies was clearly established at the time of the defendant's actions giving rise to the suit. *Id.* at 923. In meeting this burden, the plaintiff cannot simply identify a clearly established right in the abstract, but instead "must demonstrate a substantial correspondence between the conduct in question and prior law allegedly establishing that the defendant's actions were clearly prohibited." *Medina v. City and County of Denver*, 960 F.2d 1493, 1497 (10th Cir. 1992). Although the plaintiff need not show that the specific action at issue has been held unlawful before, preexisting law must be such that the alleged unlawfulness is apparent. To be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id*.

  A. Fourth Amendment Claim

Defendants claim that Plaintiff's Fourth Amendment claim asserted pursuant to *Bivens v. Six Unnamed Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 is barred because 18 U.S.C. § 2520(a) provides an alternative cause of action and sufficient redress against individuals for violations of the Federal Wiretap Statute. The Tenth Circuit in *Peoples v. CCA Dentention Centers*, 422 F.3d 1090, 1101 (10th Cir. 2005) held that "there is no private right of action for damages under Bivens against employees of a private prison for alleged constitutional deprivations when alternative state or federal causes of action for damages are available to the plaintiff." *Peoples*, 422 F.3d at 1102. The Tenth Circuit followed the Supreme Court's ruling in *Correctional*

9

*Services Corp. v. Malesko*, which reasoned that the purpose of Bivens is only "to provide an otherwise nonexistent cause of action against individual officers alleged to have acted unconstitutionally, or to provide a cause of action for a plaintiff who lacked any alternative remedy." *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70. In *Peoples*, the court found that the plaintiff had a adequate state court remedy available to him and declined to extend Bivens.

Like the plaintiff in *Peoples*, Plaintiff has an alternative remedy in federal court. 18 U.S.C. § 2520(a) provides an adequate form of relief and declines to extend Bivens to the facts of this case. As such, I find that Plaintiff has failed to state a claim upon which relief may be granted.

B. Wiretap Statutes

Plaintiff asserts that "by virtue of their employment as special agents with the ATF Bureau, Defendants Coes, O'Connor, Bell, and Lluberes, knew or had reason to know that the seized recordings or Plaintiff's oral communication had been improperly and illegal intercepted under both the federal and Florida wiretap statues.

Under the federal wiretap statute at issue,18 U.S.C. 2511(1)(c)-(d), anyone who "intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral or electronic communication, knowing or having reason to know that the information was obtained through the interception of wire, oral, or electronic communication in violation of this subsection," 18 U.S.C. 2511(1)(c), is subject to criminal fines and punishment 2511(4)(a), and damages and equitable relief in a civil action, 2520. Further, according to 18 U.S.C. 2511(1)(d) which is also at issue, anyone who "intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic

10

communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication is in violation of this subsection."

Defendants assert that the one party consent exception should apply in this case. 18 U.S.C. 2511("It shall not be unlawful under this chapter [18 USCS §§ 2510 et seq.] for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State."). The burden of proof in showing that the one party consent exception does not apply is on the party making the allegation. *Consumer Electronic Products Inc., v. Sanyo Electric, Inc.*, 568 F. Supp. 1194, 1196.

Plaintiff asserts that the one-party exception does not apply because Young violated Fla. Stat. Ann. 934.03(1)(c) when he taped the calls. The Florida statute prohibits the taping of a telephone call unless all parties have consented. Plaintiff argues that she specifically alleged, on information and belief, that Young recorded her telephone conversations for the purpose of committing a crime or tort. Defendant argues that this is a conclusory allegation and is insufficient to state a claim. Further, Defendant argues that Plaintiff must allege facts that establish that when the Defendants disclosed the tapes, they knew or had reason to know that Young had a criminal or tortious purpose when he recorded the telephone calls. Again, Defendants assert that Plaintiff's Second Amended Complaint makes the conclusory allegations that

"upon information and belief," the Defendants knew or had reason to know that the alleged disclosures by them violated the Federal Wiretap statute because they were ATF agents. Defendants also assert that the law enforcement exception to the Federal Wiretap statute applies.

In her Amended Complaint, Plaintiff alleges that Young recorded her telephone communications for purpose of committing a criminal or tortious act, including invasion of privacy, extreme and outrageous conduct, intentional infliction of emotional distress, defamation of character, and/or improper recording of private communications for improper use and disclosure. "Under the Federal Wiretap Statute, a plaintiff must demonstrate that the defendants acted with the purpose of committing a criminal or tortious act other than the recording of the communication itself." *Vasquez-Santos v. El Mundo Broadcasting Co.*, 219 F. Supp. 2d 221, 228 (D.P.R. 20002). "To establish a claim under the [Florida] Wiretap Statute, the persons bringing suit must be Florida residents or the improper 'interception" must have occurred in Florida.'" *Cohen Bros., L.L.C. v. ME Corp.*, S.A., 872 So.2d 321, 324 (Fla. Dist. Ct. App. 2004). .

I find that Plaintiff can establish a claim under the Florida Wiretap Statute because the improper interception in this case occurred in Florida. However, at this early stage in the proceedings, I cannot ascertain Young's purpose in recording the telephone conversation. See *Vasquez-Santos*, 219 F. Supp. 2d 230. Further, at this early stage in the proceedings, I cannot ascertain whether Defendant Bell knew that Young had a tortious or criminal purpose in taping the calls nor is it possible for me to determine whether law enforcement exception to the Federal Wiretap Statute applies for the same reason. As such, I find that Plaintiff's amended complaint does state a claim

upon which relief can be granted. Additionally, I find that the alleged violations under the federal wiretap statute were clearly established because it would be clear to a reasonable officer that the conduct at issue in the case was in violation of the Federal Wiretap statute. See *Barry v. Funk*, 331 U.S. App. D.C. 62, 146 F.3d 1003, 1011-1013 (D.C. Cir. 1998)(law enforcement officers not entitled to use and disclose contents of illegal intercepted conversations even where they "neither participated in nor sponsored the interception).

Based on the foregoing, Defendants' Motion to Dismiss Second Amended Complaint, filed December 13, 2007 (docket #45) is **GRANTED IN PART AND DENIED IN PART**. It is granted to the extent Plaintiff asserts a Fourth Amendment claim through the third claim for relief. It is denied in all other respects.

Dated: September 30, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge